# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

No. 22-40547
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Edwin Noe Lopez-Chavez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-813-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Following a jury trial, Edwin Noe Lopez-Chavez was convicted of one count of possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Lopez-Chavez appeals his conviction. For the reasons below, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40547

On appeal, Lopez-Chavez maintains that his conviction should be reversed because the district court's instructions to the jury constructively amended his indictment, thereby violating his Fifth Amendment rights. He contends that because the indictment alleges that he "knowingly and intentionally" committed the offense, yet the district court's instructions to the jury only provided the word "knowingly," a constructive amendment occurred. Because Lopez-Chavez raises his claim for the first time on appeal, plain error review applies. *See United States v. Stanford*, 805 F.3d 557, 566 (5th Cir. 2015).

Although the offense was charged in the conjunctive, the statute itself is disjunctive. *See* 21 U.S.C. § 841(a)(1). "It is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980); *see also United States v. Bennett*, 874 F.3d 236, 257 (5th Cir. 2017); *United States v. Holley*, 831 F.3d 322, 328 & n.14 (5th Cir. 2016). Thus, a determination that Lopez-Chavez committed the offense knowingly does not violate the Fifth Amendment and does not constitute a constructive amendment of the indictment. *See Bennett*, 874 F.3d at 257. Accordingly, Lopez-Chavez has not shown that the district court committed a clear or obvious error for purposes of plain error review. *See Stanford*, 805 F.3d at 566.

AFFIRMED.